**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PETROLEUM ENGINEERS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-369-BAJ-DLD** |
| **AXIS ONSHORE, L.P.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on defendant's motion to transfer to the United States District Court for the Northern District of Texas (rec. doc. 5) and plaintiffs' motion to remand and abstain (rec. doc. 10). Both motions have been opposed and have been referred to the undersigned for a report and recommendation (rec. docs. 13, 25, and 28). Oral argument on both motions was held on November 29, 2011 (rec. doc. 32).

**Factual Background**

In 2008, defendant Axis Onshore, L. P. (Axis) had little experience in off-shore drilling, so it hired plaintiff Petroleum Engineers, Inc. (PEI) to develop the well plan and provide supervision over the drilling and completion of the Breton Sound Well located in St. Bernard Parish, Louisiana (rec. doc. 1, Exhibit A). According to defendant, plaintiff PEI was responsible for choosing vendors and supervising the day-to-day operations at the Well.

On July 24, 2009, upon completion of the project, plaintiff PEI filed suit against defendant Axis in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, asserting a claim for open account and seeking to recover approximately $134,577.74 for work performed and services rendered in connection with the drilling of the Breton Sound Well (state court litigation). Id. Axis answered plaintiff's petition and asserted affirmative defenses and a reconventional demand for damages against PEI and Hamilton

Engineering, Inc. (Hamilton).[1] Id. Axis claims that defendants negligently performed the requested services[2] and seeks to recover all costs resulting from PEI's and Hamilton's negligence and breach of contract, including the increased drilling costs and the cost of completing a dry hole well. Id.

On May 21, 2010, Axis and its affiliated debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Civil Action 10-33569-SGJ (the Bankruptcy Proceeding),[3] and on June 7, 2010, Axis filed a notice of automatic stay in the state court litigation. On July 27, 2010, PEI filed a proof of claim in the Bankruptcy Proceeding, asserting an unsecured claim against Axis for the $134,577.74 sought in the state court litigation. PEI later voted in favor of the Amended Joint Plan of Liquidation for the Debtors, which provided that PEI would have a general unsecured claim against Debtors for $134,577.74. Hamilton did not file a proof of claim in the Bankruptcy Proceeding. On May 6, 2011, the Bankruptcy Court entered an order confirming the Amended Joint Plan of Liquidation for the Debtors, which identified May 13, 2011, as the effective date of the Plan.

---

[1] Axis alleges that Hamilton purchased PEI prior to the time of the spudding of the Breton Sound Well and that Hamilton and PEI either operated as a single company in supervising and controlling operations at the Well or, in the alternative, PEI used employees of Hamilton to perform duties at the Well (rec. doc. 1-1).

[2] Axis alleges that PEI made critical errors in overseeing the drilling of the well, such as failing to ensure that the casing was set at the proper level for drilling, testing the well at the wrong depth and causing a breakdown in the formation of the well; ordering the wrong test plug for the Blowout Preventers; providing fabricators with the wrong specifications to create a customized crossover swedge; losing two O-rings off the test plug during a test of the Blowout Preventers; failing to replace the PDC bit even thought it had a poor rate of penetration; allowing open-hole conditions to exist for longer than expected causing logging of the well to be difficult and poor quality log data, all of which resulted in damages to Axis (rec. doc. 1, Exhibit A, p. 8).

[3] Axis Onshore, L.P. is one of the eight debtors in the jointly administered Tridimension Bankruptcy Proceeding, which is pending in the Northern District of Texas, Dallas Division.

On June 3, 2011, Axis removed this matter alleging that this court has jurisdiction based on 28 U.S.C. §1334 and §1452 because the state court action is "related to" the Bankruptcy Proceeding. The parties do not dispute that this court has subject matter jurisdiction over this removed action because it is "related to" the Bankruptcy Proceeding. See 28 U.S.C. §1334 and §1452. On June 23, 2011, Axis filed a motion to transfer this removed action to the United States District Court for the Northern District of Texas, Dallas Division, the district where the Bankruptcy Proceeding is pending (rec. doc. 5).[2] Shortly thereafter, PEI and Hamilton filed a motion to abstain and remand (rec. doc. 10).

On July 8, 2011, PEI withdrew its proof of claim from the Bankruptcy Proceeding. The notice of withdrawal of proof of claim provides that the withdrawal is "without prejudice to PEI's rights to exercise any rights of setoff or recoupment ... from any affirmative relief sought against [PEI]" (rec. doc. 25-4). Currently, this litigation consists of Axis' claims in reconvention against PEI and Hamilton based on breach of contract and negligence and PEI's defense of setoff or recoupment against Axis based on open account.[3]

---

[2] On June 27, 2011, Jason R. Searcy, the Trustee of the Estate, was added as a party to this matter and Axis was terminated (rec. doc. 7).

[3] The Plan document establishes a "Liquidating Trust" for the purpose of "collecting, receiving, holding, maintaining, administering, and liquidating the Liquidating Trust Assets...."(rec. doc. 25-3, p. 27). The "Liquidating Trust Assets" include the Debtor's "Causes of Action," which is defined as "any and all rights, claims, causes of action, litigation, suits, proceedings, rights of setoff, rights of recoupment, complaints, defenses, counterclaims .... whether Scheduled or not Scheduled and whether arising under the Bankruptcy Code or other application law..." (rec. doc. 25-3, pg. 27). Axis represents that pursuant to the Plan, its claims against PEI and Hamilton were specifically preserved and transferred to the Liquidating Trust for prosecution by the Trustee, as the post-confirmation representative of the Estate, as part of the means of implementation of the Plan (rec. doc. 25).

**Arguments of the Parties**

**Motion to Transfer**

Defendant Axis seeks to have this removed action transferred to the United States District Court for the Northern District of Texas (not the Bankruptcy Court), the district where the Bankruptcy Proceeding is pending, which defendant refers to as the "home court." Defendant Axis argues that Section 1412, rather than Section 1404, applies to the transfer of a proceeding "related to" a bankruptcy and that all of the relevant factors weigh in favor of transfer.[4] Axis argues that the "home court" presumption applies to this case and supports transfer to the district where the Bankruptcy Proceeding is pending. Axis further argues that while the Bankruptcy Court's authority over this matter is limited (i.e., it cannot issue a final judgment in this matter), the District Court for the Northern District of Texas has the authority to enter a final judgment on all issues. Additionally, in support of its argument that transfer would be convenient for all parties, Axis argues that the Trustee

---

[4] Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Defendant Axis argues that Section 1412 applies to this case and the standard is more lenient because it does not take into consideration the "convenience of witnesses" and only requires the transfer to be in "the interest of justice" *or* for "the convenience of parties." The standard for transferring under Section 1404 is more scrutinizing and requires the consideration of both public interest factors and private concerns. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

It is undisputed that Section 1412 applies to the main bankruptcy case and core adversary proceedings, but there is an issue in the jurisprudence over whether Section 1404 or 1412 is applicable to cases, such as the instant case, that are "related to" bankruptcy proceedings. Louisiana district courts have generally applied Section 1404(a) to cases that are "related to" bankruptcy proceedings.

is located in Texas; PEI and Hamilton have offices in Houston, Texas; Hamilton's CEO and CFO are located in Houston, Texas; Axis' records have been transferred to the Trustee in Texas; and witnesses are located in both Texas and Louisiana; therefore, both courts have the same limited subpoena power.

Plaintiff PEI and Hamilton oppose the motion to transfer by arguing that Section 1404 applies to the motion to transfer and by arguing that the relevant factors weigh in favor of keeping the action in Louisiana. PEI and Hamilton argue that the "home court" presumption is inapplicable because this is a "related to," not "core," matter and the Plan of Liquidation has been confirmed leaving no "Estate" to administer by the home court. Further, PEI and Hamilton argue that the Bankruptcy Court is without the authority to enter a final judgment in this matter. With respect to the "convenience of parties and witnesses," PEI and Hamilton suggest that most of the witnesses with knowledge about the work done on the Well are located in Louisiana; PEI and Hamilton's presence is in Houston, Texas, not Dallas; therefore, Louisiana is just as convenient for parties as Texas.

**Motion to Remand or Abstain**

Plaintiffs move the court to abstain from hearing this matter, based on mandatory or permissive abstention doctrines under Section 1334 (c), and remand this matter under Section 1452(b). Plaintiffs argue that all of the factors for mandatory abstention are satisfied. Alternatively, plaintiffs argue that this court should exercise its discretion and permissively abstain and remand this matter. Plaintiffs argue that the state court suit is not a "core" proceeding and that the Bankruptcy Court lacks the authority to enter final judgment on claims merely "related to" the bankruptcy, especially the reconventional

demand against Hamilton because Hamilton did not file a proof of claim in the Bankruptcy Proceeding.

Axis opposes plaintiffs' motion to remand by arguing that consideration of the relevant factors do not support equitable remand under Section 1452(b), including the fact that the issues of state law in the underlying action are not complex or difficult and the state court action has essentially been dormant since the filing of the reconventional demand; therefore, the state court is not invested in this case. Axis argues that mandatory abstention under Section 1334(c)(2) is not applicable because there are not parallel proceedings in state and federal courts. Axis further argues that permissive abstention under Section 1334(c)(1) is not warranted because the elements are not satisfied.

## **Discussion**

The parties agree that this court has subject matter jurisdiction over this removed action because it is "related to" the Bankruptcy Proceeding. See 28 U.S.C. §1334 and §1452. Further, the parties agree that based on the United States Supreme Court decision in *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), as applied to the facts of this case, the United States Bankruptcy Court for the Northern District of Texas does not have the authority to enter a final judgment on Axis' counterclaim against PEI or Hamilton and that even if this case were to be transferred to the United States District Court for the Northern District of Texas, it could not be referred to the Bankruptcy Court for final resolution.[5] Thus, what is disputed by the parties is whether this court should *exercise*

---

[5] The United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), held that the Bankruptcy Court lacked the authority to enter a final judgment on a state law counterclaim that would not necessarily be resolved by process of ruling on a proof of claim filed in the bankruptcy proceeding. Axis acknowledged that the Bankruptcy Court would not have the authority to enter a final judgment on its counterclaim against PEI and Hamilton because the issues raised in its counterclaim go beyond the issues raised in PEI's proof of claim, which was later withdrawn, and Hamilton never filed a proof of claim in the Bankruptcy Proceeding. Thus, this case does not fall within the category of cases over which the Bankruptcy Court has the authority to enter a final judgment, and Axis seeks transfer to the United States District Court for the Northern District of Texas.

jurisdiction over this action or decline to exercise jurisdiction under principles of abstention or equitable remand or transfer it to the United States District Court for the Northern District of Texas.

**Jurisdiction or Venue**

As a preliminary matter, the court must determine whether it should consider first the motion to transfer or the motion to remand and/or abstain. Defendant Axis suggests that the court should follow the court's decision in *Marquette Transport Co. v. Trinity Marine Products, Inc.*, 2006 WL 2349461 (E.D. La. 2006), which chose to consider the motion to transfer before the motion to abstain/remand. The court in *Marquette, supra*, noted that there was persuasive, but not binding, authority supporting the proposition that jurisdiction must be determined first as well as authority that jurisdiction need not be determined prior to transfer; thus, the court made its decision to consider the motion to transfer first due to the specific procedural posture of the case and the pending bankruptcy. Id. See also *Briese v. Conoco-Phillips Co.*, 2009 WL 256592 (W.D. La. 2009). The court in *Briese v. Conoco-Phillips Co.*, further noted that *Marquette* and other cases like it have applied a situation-specific approach to determining which of these matter should be determined first. Id., at*3; see also *Marshall v. Air Liquide-Big Three, Inc.*, 2007 WL 275898, *1 (E.D. La. 2007); *Orix Finance Corp. V. Nexbank, SSB*, 2008 WL 2796069 (N.D. Tex. 2008).

The circumstances of the instant case and the nature and posture of the Bankruptcy Proceeding support a determination of the jurisdictional issue first. The Bankruptcy Proceeding was essentially concluded on May 13, 2011, the effective date of the Plan of Liquidation. The Plan of Liquidation established a liquidating trust and appointed the Trustee to liquidate assets of the Estate, including Axis' counterclaim against PEI/Hamilton, and to distribute proceeds, if any, to the Liquidating Trust beneficiaries. The Trustee

acknowledged at oral argument that the suits filed by the Trustee to liquidate the assets of the Estate can proceed in any venue and are not limited to the Northern District of Texas. In fact, the Trustee indicated at oral argument that the suits brought to liquidate the assets of the Estate were not localized in the Bankruptcy Court, but were being brought in various venues depending on the nature of each suit. Further, plaintiff PEI withdrew its proof of claim from the Bankruptcy Proceeding; therefore, the Bankruptcy Court does not have an obligation to adjudicate PEI's proof of claim in administering the Estate. The parties further acknowledge Axis' counterclaim against PEI/Hamilton is not a "core" matter, but is only "related to" the Bankruptcy Proceeding; therefore, it is not a case over which the Bankruptcy Court would have the authority to enter a final judgment. Additionally, as a "related to" matter, the court questions the applicability of the "home court" presumption favoring transfer to the court adjudicating the bankruptcy.[6] Considering the facts of this case, it appears that the impact of this suit on the overall administration of the Estate is minimal; therefore, the court finds that the jurisdictional issue should be decided first.

**Motion to Remand and/or Abstain**

The court has subject matter jurisdiction over this matter because it is "related to" the Bankruptcy Proceeding. See 28 U.S.C. §1334. The parties do not contest the court's subject matter jurisdiction. PEI and Hamilton, however, request that the court decline to exercise its jurisdiction over this matter by abstaining from hearing this matter based on

---

[6] The court in *Longhorn Partners Pipeline, L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90, 102 (Bkrtcy. S.D. Tex. 2009), noted that the majority of the cases recognizing the "home court" presumption involve "core" matters and that the "home court" presumption is not warranted in "related to" cases. Id., citing *In re Continental Air Lines, Inc.*, 61 B.R. 758, 770 & n. 25 (S.D. Tex. 1986)(noting that the home court presumption is based on the idea that "administrative matters," or core matters, are "properly handled in a single, centralized forum," but the same principle does not apply to "truly civil litigation in the historic sense," or non-core matters).

mandatory or permissive abstention under Section 1334(c) and by remanding this matter under Section 1452.

Section 1334, *Bankruptcy cases and proceedings,* provides for permissive and mandatory abstention as follows:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. §1334(c).

Section 1452, *Removal of cases related to bankruptcy cases,* provides for equitable remand as follows:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. §1452.

Courts are split on the issue of whether the mandatory abstention provisions of Section 1334(c)(2) apply to cases, such as the instant case, that are removed under Section 1452(a). See *KSJ Dev. Co. of La. v. Lambert*, 223 B.R. 677, 679 (E.D. La. 1998) (mandatory abstention held to be inapplicable in the context of a removed action); *In re United States Brass Corp.*, 173 B.R. 1000 (E.D. Tex. 1994)(mandatory abstention applied to removed cases); *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 493, n.25 (E.D.

La. 1990)(noting the split, but applying the mandatory abstention doctrine to removed action). When Section 1334(c)(2) does not mandate abstention, Section 1334(c)(1) permits a federal court to abstain from hearing state law claims "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. §1334 (c)(1).

This court need not decide whether the doctrine of mandatory abstention applies to this removed action because the court finds that the grounds for permissive abstention and equitable remand are satisfied and warrant remand of this case. In the Fifth Circuit, "courts have broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *Briese v. Conoco-Philips Co.*, 2009 WL 256591 (W.D. La. 2009), citing *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996), citing *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (noting that §1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case"). When a court decides to remand a case based on permissive abstention under Section 1334(c)(1), it may rely on Section 1452. *Briese*, at *7, citing *Patterson v. Morris*, 337 B.R. 82, 96 (E.D. La. 2006). Both permissive abstention and equitable remand "favor comity and the resolution of state law questions by state courts." Id. The court's discretion to remand under Section 1452(b) is "much broader" than under the technical requirements of the general remand section, Section 1447(c). *Briese,* at *6; *KSJ Development Co. v. Lambert*, 223 B.R. 677 (E.D. LA. 1998).

The considerations underlying permissive abstention and equitable remand are the same and include the following: (1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a

state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. *Oakwood Shopping Center, Ltd. Partnership v. Villa Enterprises of Midwest, Inc*, 2011 WL 3350402 (E.D. La. 2011), citing *Borne v. New Orleans Health Care, Inc.*, 116 B.R. at 494; <u>see</u> <u>also</u> *Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984). Additionally, in their analysis of equitable remand, courts often consider the elements required for mandatory abstention. *KSJ Development Co. of La. v.* Lambert, 223 B.R., at 679, citing O'Rourke *v. Cairns*, 129 B.R. 87 (E.D. La. 1991).

An examination of the applicable factors reveals that permissive abstention and equitable remand are appropriate here. Most persuasive are issues of comity and the factors related to mandatory abstention. It has been noted that in the judicial context, comity requires federal respect for state courts' competency to conduct proceedings and enter judgments and that Section 1334 demonstrates Congress' specific intent that concerns of comity and judicial convenience be met. *KSJ Development Co. of La. V. Lambert*, 223 B.R. 677, 680 (E.D. La. 1998) (citations omitted). This matter involves state law claims based on the Louisiana open account statute, La. R.S. 9:2791, and state law counterclaims based on breach of contract and negligence. Plaintiff PEI's proof of claim was withdrawn from the bankruptcy, so there is no bankruptcy issue in this matter. Thus, the claims hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law. This court has no basis for federal jurisdiction over the claims or counterclaims in this matter other than its "related to" jurisdiction under Section 1334. The parties agree that this action is a "related," and not a "core," proceeding; therefore, the bankruptcy judge's authority over the resolution of this matter is limited. Thus, federalism

and comity concerns, as well as the elements of mandatory abstention weigh in favor of permissive abstention and equitable remand.

Further, both forum non conveniens and prejudice to the involuntarily removed parties weigh in favor of remand. The Trustee seeks to have this action transferred to the Northern District of Texas. Both parties represented at oral argument that the claims in this case will require the testimony of individuals who worked on the Breton Sound Well in Louisiana, witnesses which are most likely located in Louisiana. A Louisiana court would have better access to these witnesses. Furthermore, plaintiff PEI is a Louisiana corporation and its original choice of forum is entitled to some weight, especially in light of the fact that the Trustee's only true reason for transferring this matter to the Northern District of Texas is because that is where the Bankruptcy Proceeding is pending.

This action has not been bifurcated by removal, so that factor is not applicable here. The factors of whether a state court is better able to respond to questions involving state law and the expertise of a particular court are neutral as this case does not involve complex issues of state law; therefore, either state or federal court would have the expertise to address the issues raised in this case. Courts, however, have found that cases involving only state law issues should be remanded to reduce the likelihood of an inconsistent result. See *Hospital Service District No. 3 v. Fidelity & Deposit Company of Maryland*, 1999 WL 294795, *8 (E.D. La. 1999); *KSJ Dev. Co. of La. V. Lambert*, 223 B.R. at 680.

Finally, although this matter has been pending in state court since July 24, 2009, by agreement of the parties, very little has transpired other than Axis' answer and reconventional demand, prior to the automatic stay on June 7, 2010. Thus, weighing in defendant's favor is the fact that maintaining this action in federal court would not result in duplicative and uneconomic effort of judicial resources in two forums.

**Recommendation**

Having applied the factors for permissive abstention and equitable remand to the specific facts of this case, the court finds that considerations weigh in favor or abstention and remand; therefore, the court recommends that the court should abstain from hearing this matter and remand this matter to state court. Accordingly,

**IT IS RECOMMENDED** that the motion to remand and/or abstain (rec. doc. 10) should be **GRANTED** and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that the motion to transfer (rec. doc. 5) should be **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on December 14, 2011.

                                                                   MAGISTRATE JUDGE DOCIA L. DALBY

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PETROLEUM ENGINEERS, INC.**   **CIVIL ACTION**

**VERSUS**   **NUMBER 11-369-BAJ-DLD**

**AXIS ONSHORE, L.P., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 14, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**